**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAXIMO BERREONDO, | No. 14-15583 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00432-LJO-DLB |
| v. | |
| JONATHAN AKANNO, Prison Doctor, Kern Valley State Prison, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Maximo Berreondo, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Berreondo failed to raise a genuine dispute of material fact as to whether defendant Akanno was deliberately indifferent to his pressure sores.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *Toguchi*, 391 F.3d at 1057-60 (neither a difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a plaintiff "must show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances").

We reject Berreondo's unsupported contention that the district court did not consider the evidence Berreondo submitted in his objections to the magistrate judge's findings and recommendations.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Berreondo's request to be put on permanent "PLU" status, filed on

14-15583

September 17, 2014, is denied.

**AFFIRMED.**